UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CRG FINANCE AG,

        Plaintiff,

        -against-

PRIME SUN POWER, INC. n/k/a 3POWER
ENERGY GROUP, Inc.,

        Defendant.
------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 23, 2013

12 Civ. 8258 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 14, 2012, plaintiff CRG Finance AG ("CRG") filed a complaint against defendant Prime Sun Power ("PSP") to recover €470,000, plus interest, for breach of a promissory note. PSP moved to compel arbitration and dismiss the complaint on January 17, 2013. For the reasons discussed below, PSP's motion is granted.

## BACKGROUND

On March 2, 2010, CRG loaned PSP €470,000, pursuant to a promissory note (the "Note") in which PSP agreed to pay CRG €470,000 plus interest on or before December 31, 2010. (Note, at ¶ 2.) On June 13, 2011, PSP acknowledged that it had defaulted on the Note and informed CRG that it was "doing all [it could] to remedy the situation." (Stetsenko Decl. Ex. 2.) The transaction also involved a March 12, 2010, financing agreement (the "Financing Agreement"), signed by the chief executive officers of both parties. CRG acknowledged that "[t]he Note provides that it is governed . . . by reference to the provisions of the Financing Agreement." (Compl. at ¶ 12.) Specifically, the Note states that "[d]ispute resolution shall be made in accordance with that certain Financing Agreement between the Borrower and Lender, of

1

which this Note is an integral part and is hereby incorporated by reference therein by reference hereto." (Note at ¶ 13.) The Financing Agreement, in turn, provides that "[a]ll disputes and controversies arising out of or relating to this Agreement shall be finally settled and binding under the Rules of International Commercial Dispute Resolution of the Amaerican Arbitration Association." (Financing Agreement at ¶ 9.)

## DISCUSSION

"Whether a particular dispute is subject to arbitration turns on '(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." Buchman v. Weiss, No. 08 Civ., 5453, 2009 WL 2044615, at *2 (S.D.N.Y. July 15, 2009) (quoting Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp., 88 F.3d 129, 135 (2d Cir. 1996). "[O]nce it is determined that an agreement to arbitrate exists, interpretation of the scope of the arbitration clause is governed by the [Federal Arbitration Act ("FAA")]," which "embodies the 'strong federal policy . . . favoring arbitration.'" Id. (quoting Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 75 (2d Cir. 1998). Accordingly, courts "construe arbitration clauses as broadly as possible," Collins & Aikman Prod. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995) and resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Since PSP "does not dispute that the . . . Note is subject to the arbitration provision" (Pl. Opp'n at 3), the only issue for the Court is whether the instant dispute falls within the scope of the arbitration clause. See Buchman, 2009 WL 2044615, at *2. PSP asserts that after its June 13, 2011, letter acknowledging that it had defaulted on the Note, its debt to CRG was subsequently satisfied via shares in PSP that CRG was given by a third party, Rudana Investment

Group AG ("Rudana"). (Rahman Decl. at ¶¶ 4-6.) CRG does not dispute receiving the shares in question from Rudana, but asserts that there is no connection between its dealings with Rudana and the debt it is owed pursuant to the Note. (See Stetsenko Decl. at ¶¶ 6-15.) Stated simply, the parties now contest whether PSP's debt to CRG has been satisfied or whether PSP remains in breach of the Note. This falls well within the ambit of the arbitration clause, which covers "[a]ll disputes and controversies arising out of or relating to" the Financing Agreement and the Note. (Financing Agreement at ¶ 9; see also Note at ¶ 13.)

Though CRG is correct that PSP has failed to submit any evidence regarding the connection between the Note and CRG's dealings with Rudana, that is beside the point. Whether PSP's debt has, in fact, been satisfied, goes to the merits of the dispute between CRG and PSP, but is utterly irrelevant to whether that dispute is itself arbitrable. The latter question is all that is at issue here. Accordingly, PSP's motion to dismiss and compel arbitration is granted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS PSP's motion to dismiss CRG's complaint and compel arbitration. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
May 23, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge